FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 09 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Ryan Nicholl, *Plaintiff,* v.s. Samuel S. Olens (official capacity), *Defendant,* The Grade (*in rem*) *Defendant.* | Civil Action No. 1:17-CV-4518 |

### EX PARTE MOTION FOR ISSUANCE OF SUMMONS

Ryan Nicholl, the Plaintiff, represented *pro se*, hereby requests that this honorable Court order the issuance of a summons without an associated address for the Defendant. Ryan P. Nicholl does not know the address of the Defendant Samuel S. Olens. Furthermore, the Court's local procedures are different from F.R.Cv.P. Rule 4 (a) (1), which states:

"(a) Contents; Amendments.

(1) Contents. A summons must:

(A) name the court and the parties;
(B) be directed to the defendant;
(C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
(D) state the time within which the defendant must appear and defend;
(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
(F) be signed by the clerk; and
(G) bear the court's seal."

1

(F.R.Cv.P. Rule 4 (a) (1))

F.R.Cv.P. Rule 4 (a) (1) does not require the Defendant's address be listed on the summons, only the address of the Plaintiff. The complaint and summons can be served upon the Defendant in a location such as his office at Kennesaw State University. A proposed summons and order is provided. The order should be granted in furtherance of due process, the right to petition the government for redress of grievances, and substantial interests of justice.

Federal Rules of Civil Procedure State:

> "Rule 83. Rules by District Courts; Judge's Directives
>
> (a) Local Rules.
>
> (1) In General. After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. **A local rule must be consistent with**—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§2072 and 2075, [...]"

The local rule or custom requiring the address of the Defendant is inconsistent with the Federal Rules of Civil Procedure, and therefore invalid. Furthermore, the rule impermissibly violates the Plaintiff's right to due process because it forecloses service of process upon a Defendant whose address is not known.

Respectfully submitted,

*Ryan P. Nicholl*   2017-11-9

RYAN P. NICHOLL        Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff, pro se*

2