IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RYAN NICHOLL, PRO SE, | : | |
| Plaintiff, | : | |
| v. | : | |
| SAMUEL S. OLENS, and THE GRADE, | : | CIVIL ACTION NO. 1:17-CV-4518-AT |
| Defendants. | : | |

### **ORDER**

In this lawsuit, Plaintiff Ryan Nicholl, a student at Kennesaw State University, claims that a final course grade unconstitutionally penalized him for failing to answer "political questions" in a class assignment. (Compl. at 1.) Plaintiff sued Samuel Olens, the President of Kennesaw State University, and "the Grade," a "B" in a writing course, under the First and Fourteenth Amendments of the United States Constitution. (*Id.* at 10-12.)

This matter is before the Court on Plaintiff's Ex Parte Motion for Issuance of Summons [Doc. 3]. Plaintiff objects to the Clerk's refusal to sign and seal the summons presented by Plaintiff without an address for Defendants. Plaintiff argues that Rule 4 of the Federal Rules of Civil Procedure does not require a defendant's address to be listed on the summons, and therefore the Court should order the issuance of a summons without an address for Defendants. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

**I.    FACTUAL BACKGROUND**

Plaintiff submitted a summons to the Clerk's Office by filling out Form AO 440, the standard form for a summons in a civil action in federal court.  *See Summons in a Civil Action, United States Courts*, http://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/summons-civil-action (last visited Jan. 11, 2017).  This form contains a space for the defendant's address, which Plaintiff left blank.  The Clerk's Office refused to sign and seal the summons Plaintiff submitted on the ground that it was incomplete.

**II.   ANALYSIS**

For a federal court to have personal jurisdiction over a defendant, "the procedural requirement of service of a summons must be satisfied."  *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987).  Rule 4 of the Federal Rules of Civil Procedure lists the required contents of a summons, including the requirement that it "be directed to the defendant."  Fed. R. Civ. P. 4(a)(1)(B).

Plaintiff argues that because Rule 4 does not expressly require a summons to include the defendant's address, "[t]he local rule or custom requiring the address of the Defendant is inconsistent with the Federal Rules of Civil Procedure, and is therefore invalid."  (Doc. 3 at 2.)  Plaintiff further argues that requiring an address for Defendants on the summons violates Plaintiff's right to due process "because it forecloses service of process upon a Defendant whose address is not known."  (*Id.*)

Plaintiff's argument is without merit. Although Rule 4 merely states that a summons must "be directed to" the defendant, federal courts have interpreted this requirement to include the defendant's address. Form AO 440, which includes a space for the defendant's address, is "[t]he preferred summons form" in federal district court. *Roman v. Grinnell*, Case No. 8:16–cv–3449–T–33AEP, 2017 WL 26868, at *1 (M.D. Fla. Jan. 3, 2017). Pro se plaintiffs are directed to submit this form, "properly completed," to the Clerk's Office to be signed, sealed, and returned for service of process. *Id.* Thus, the address requirement for a summons is not a "local rule or custom," but rather standard administrative practice in the federal court system.

Furthermore, requiring Plaintiff to include a defendant's address in the summons does not violate Plaintiff's right to due process or in any way impair his ability to litigate this case. A plaintiff "is responsible for having the summons and complaint served" on each defendant. Fed. R. Civ. P. 4(c)(1); *see also Simmons v. Prison Health Servs., Inc.*, No. CV408–239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009) ("it is the plaintiff's duty to serve each defendant"). A plaintiff must therefore determine an address where each defendant may be served. Here, Plaintiff evidently knows or could easily ascertain an address for Defendant Olens because he acknowledges that "[t]he complaint and summons can be served upon the Defendant in a location such as his office at Kennesaw State University." (Doc. 3 at 2.) Thus, Plaintiff's objection to providing an address on the summons

makes much ado of a nonissue, and serves no other purpose than to frustrate a routine administrative process.

Accordingly, the Court **DENIES** Plaintiff's Motion.

### III. CONCLUSION

The Court **DENIES** Plaintiff's Ex Parte Motion for Issuance of Summons [Doc. 3]. Plaintiff is **ORDERED** to submit a properly completed summons, including an address for Defendants, to the Clerk's Office.

**IT IS SO ORDERED** this 12th day of January, 2018.

_____
**Amy Totenberg**
**United States District Judge**