IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
75 Ted Turner Dr NW
Atlanta, GA 30303

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 16 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Ryan P. Nicholl,

*Plaintiff,*

v.s.

Samuel S. Olens (*official capacity*),

*Defendant,*

The Grade (*in rem*)

*Defendant.*

Civil Action No. 1:17-cv-4518-AT

## LETTER TO THE COURT

This letter is in response to the Court's order on ex parte motion for issuance of summons. This letter is filed because reconsideration or appeal would be moot, but is intended to preserve the issue for appeal in the event such issue becomes relevant at a later point in this litigation, and to clarify to the Court my intention upon filing the motion.

This Court accused me of filing a motion that served no purpose:

> "Thus, Plaintiff's objection to providing an address on the summons makes much ado of a nonissue, and serves no other purpose

1

than to frustrate a routine administrative process." (NDGA 1:17-cv-04518-AT, D. 6, p.3-4)

Based upon the Court's response to the order and further reflection, I infer that it is permitted to include any address at which the Defendant may be served at or the place of business of the defendant on the summons. However, based on my previous understanding, the address **of** the defendant was required. I interpreted that to mean the address at which Samuel S. Olens was domiciled (in other words, his residential address), rather than the address of his office at Kennesaw State University.

The motion was not intended to "to frustrate a routine administrative process" of this Court but rather I did not know and do not know the address at which Samuel S. Olens is domiciled or resides at residentially, and at the time of filing the motion I had a good faith belief that this was what I was required to put in the "address" field and I did not understand the requirement to permit the inclusion of the address of his office as the address of Samuel S. Olens. It is furthermore my understanding that the address included on the summons is distinct from the address at which the Defendant is served.

Because I can obtain the address of Samuel S. Olens' office at Kennesaw State University, I will include that address on the new proposed summons instead of the address of his residency, which I do not know and also previously and incorrectly understood to be required.

Pursuant to 28 U.S. Code § 1746, I hereby declare under penalty of perjury

that everything I have stated in this letter is true and correct.

        Respectfully submitted,

*[signature]*    2018-1-16

RYAN P. NICHOLL      Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff, pro se*