FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 25 2018

JAMES N. HATTEN, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Nicholl, *Plaintiff,* v.s. Samuel S. Olens (official capacity) *Defendant,* The Grade (*in rem*) *Defendant.* | Civil Action No. 1:17-cv-4518-AT |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Ryan Nicholl moves to amend the complaint. A proposed amended complaint is attached.

"It is [...] entirely contrary to the spirit of the Federal Rules of Civil Procedure, for decisions on the merits to be avoided on the basis of such mere technicalities." (*Foman v. Davis*, 371 U.S. 178 (1962)) "Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), §§ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."'" (*Foman v. Davis*, 371 U.S. 178, 182 (1962)) The D.C. Circuit held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections [...] delay, without a showing of prejudice, is not a sufficient ground for denying the motion." (*Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999))

Although I did provide sufficient detail to show the violation was "ongoing", I admit I did not include such detail in the pleadings and only raised it in the opposition to dismiss, which may technically be inadequate. The proposed amended complaint will plead sufficient factual details to show that the alleged violation is "ongoing" and therefore confer subject matter jurisdiction. Because the Court lacked subject matter jurisdiction, it is my opinion that the Court is obligated to accept this amendment because it cannot (lawfully) enter an opinion on the merits without subject matter jurisdiction.

I disagree with the Court's conclusion that the alleged speech would not be protected, but it is questionable whether it is an appealable order because it was entered without jurisdiction. (while I recognize that the Court might enter essentially the same opinion on the merits as it did before, ensuring the court lawfully enters the order is necessary to ensure Appellate jurisdiction is lawfully

invoked).

                          Respectfully submitted,

                          */s/ Ryan P. Nicholl*      2018-5-19
                          RYAN P. NICHOLL        Date
                          950 HUDSON RD SE
                          APT 202
                          MARIETTA GA, 30060
                          (678) 358-7765
                          exaeta@protonmail.com
                          *Plaintiff, pro se*