# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Ryan Nicholl,

*Plaintiff,*

**v.s.**

W. Ken Harmon (official capacity)

*Defendant,*

The Grade (*in rem*)

*Defendant.*

Civil Action No.

1:17-cv-4518-AT

## AMENDED COMPLAINT

Ryan P. Nicholl, the Plaintiff, represented *pro se*, hereby complains to this honorable Court and requests declaratory judgment and injunctive relief.

### I. INTRODUCTION

Ryan Nicholl was illegally penalized in his final course grade for failing to answer political questions as part of a class assignment. The U.S. Supreme Court has held that no one can be compelled to disclose one's political affiliations, inclinations, and leanings.  After being assigned such illegal assignment, Ryan Nicholl declined to complete it per his rights under the First Amendment.  Had

7

Ryan Nicholl received points for that assignment, his final grade would have been "A" instead of "B". Because Kennesaw State University is a public school, it is bound by the first Amendment and is not allowed to penalize students for failing to answer questions about the student's political viewpoints. Accordingly the grade of "B" received was illegal and should have been "A" instead. The administration of Kennesaw State University continues to violate the First Amendment by not changing the grade to "A" as required by the First Amendment. Ryan Nicholl requests that this Court remedy the problem.

## II. FACTS

1. The Plaintiff, Ryan Nicholl (henceforth, "the Student") is a Computer Science student enrolled at Kennesaw State University (henceforth, "the University"), he will continue to take additional classes for the near future.

2. Kennesaw State University is a unit of the Board of Regents of the University System of Georgia.

3. Kennesaw State University is located in Cobb County, Georgia.

4. The Board of Regents of the University System of Georgia is considered a part or subdivision of State government.

5. W. Ken Harmon is the new replacement president of Kennesaw State University.

6. The University's grade appeal procedures do not provide the ability to effectively challenge the legality of assignments. The grade appeal process only effectively addresses the question of whether or not the grade received for the course was wrong in light of a violation of the grading policies.

7. Ryan Nicholl was enrolled a course called "Technical Writing" (henceforth, "the Course") at the University for which the Student was assigned a grade of "B" (henceforth, "the Grade") by the University.

9

8. The Professor admitted that had Ryan Nicholl completed "Assignment 11.1" (henceforth, "the Assignment"), Ryan Nicholl would have received a grade of "A" instead. Therefore, Ryan Nicholl received the Grade of "B" because he did not complete Assignment 11.1.

9. A grade of "B" is considered worse than a grade of "A" by Ryan Nicholl and reasonable people.

10. Completing the Assignment required the student to disclose political viewpoints. Ryan Nicholl decided not to complete the Assignment because it required Ryan Nicholl to disclose political viewpoints. Therefore, Ryan Nicholl received a grade of "B" instead of "A" because he refused to disclose political viewpoints.

11. Sam S. Olens was the President and CEO of Kennesaw State University, and was replaced by Ken Harmon.

12. Ryan Nicholl did not consent to the Assignment and did not have access to a list of assignments in advance of when they were assigned. Ryan Nicholl could not review the full list of assignments during the Add/Drop Period and did not consent to the inclusion of an assignment that compelled the disclosure of his political viewpoints. Because Ryan Nicholl could not have reasonably known that such an assignment would be assigned as part of the course and due to absence of affirmative, explicit or implied consent, Ryan

10

Nicholl did not consent to the Assignment.

13. Ryan Nicholl did not give implied consent to the Assignment because no reasonable student would expect that a graded Assignment would require the student to disclose his or her political viewpoints.

14. Ryan Nicholl is harmed by receiving the Grade of "B" because receiving a grade of "B" instead of "A" contributes to a lower GPA and at least the following types of harm result from a lower GPA:

   (a) Having a lower GPA reduces the probability of being hired quickly, and

   (b) Having a lower GPA damages Nicholl's reputation, and

   (c) Having a lower GPA makes it harder to obtain scholarships, including government scholarships such as Georgia's HOPE and Zel Miller.

15. Ryan Nicholl intends to apply for employment after graduation and having a lower GPA will be substantially likely to reduce his expected salary and is also substantially likely to increase his expected hiring time. Therefore this harm which is substantially likely to occur is caused by the ongoing failure to change the grade to "A" by Ken Harmon.

16. Assignment 11.1 Question 1 which reads:

11

> "Of the assignments given this semester, which do you believe to be the most beneficial to your learning? Explain."

is designed with intent to and has the effect of soliciting feedback about which assignments were most effective to promote student learning in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

17. Assignment 11.1 Question 2 which reads:

> "Which assignment do you believe you should have spent more time and focus on prior to submission?  What would you have done differently?"

is designed with intent to and has the effect of soliciting feedback that would be used for the purpose of determining how students could be better advised about how they could prepare for assignments in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

18. Assignment 11.1 Question 3 which reads:

> "Which assignment did you find to be the least beneficial? Explain."

is designed with intent to and has the effect of soliciting feedback that would be used for the purpose of determining which assignments should be revised or removed in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

19. Assignment 11.1 Question 4 which reads:

> "After looking through the table of contents of your Markel text, identify a topic you find interesting that was not covered this semester. (Note: Not all topics listed by Markel are topics of focus for the TCOM courses at KSU)."

is designed with intent to and has the effect of soliciting feedback that would be used for determining what content could be included to increase student interest in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

20. Assignment 11.1 Question 5 which reads:

> "Do you have any suggestion for the setup or execution of this course? If so, what is it?"

is designed with intent to and has the effect of soliciting any other feedback

that could be used for the purpose of improving the course in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

21. Ryan Nicholl attempted to pursue a grade appeal and appealed multiple times through the exhausting administrative grade appeal procedures. Samuel S. Olens , president of the University, was the University's final administrative decision-maker with regard to the grade appeal.   Nicholl petitioned for "discretionary review" to the Board of Regents but has not received a substantive response from the Board of Regents with regard to said appeal.

22. The administrative grade appeal procedures are ineffective at answering questions of law and serve no apparent purpose other than to delay judicial review of grade appeals with regard to questions of law.  The student has appealed the grade 6 times, to the Department Chair, College Dean, Dean of Students, Provost, President, and also petitioned the BoR for "discretionary review" to which it has not at the time of writing substantially responded. Appeal to the BoR is "discretionary" and the Constitution is mandatory, therefore; administrative remedies can be considered exhausted and futile. No appeal has corrected the Plaintiff's grade to "A".

23. Samuel S. Olens issued the final decision of Kennesaw State University on September 6th, 2017, and declined to change the grade from "B" to "A".

14

24. Ryan P. Nicholl submitted an application for discretionary review to the BoR on September 29th, 2017 and later received an unreasoned decision denying relief.

25. The Board of Regents and the University appeal procedures appear inherently non-neutral and biased in favor of the Professor and do not decide issues based on rules of law when they apply.

26. Ken W. Harmon became the new president of Kennesaw State University after litigation began.

27. Ryan Nicholl requested that Ken W. Harmon change the grade to "A", but he refused. This event is likely to repeat because Ryan Nicholl intends to re-ask Ken W. Harmon or the new president of Kennesaw State University to change the grade monthly.

28. W. Ken Harmon continues to maintain the grade of "B" and not change it to "A".

29. W. Ken Harmon is likely to continue to maintain the grade of "B" in the gradebook.

30. Because this policy of allowing professors to grade students based on survey completion is viewed as constitutional by the administration of Kennesaw State University, there is a high likelihood that such event will repeat in

15

the future, and Ryan Nicholl will take additional classes at Kennesaw State University.

I, Ryan Patrick Nicholl, hereby affirm under penalty of perjury under the laws of the United States, that all foregoing statements of fact submitted in this complaint are true and correct to the best of my knowledge.

I, a duly authorized Notary Public, certify that Ryan Patrick Nicholl, being duly sworn under affirmation and under penalty of perjury, made the foregoing affirmation before me.

Affirmed and subscribed before me this 19th day of May, 2018.


Ryan Patrick Nicholl          Dr. Reda Caston MLSS

Affiant Name                  Notary Public Name (Print)

Affiant Signature             Notary Public Signature

Notary Seal

17

### III. CLAIMS

All claims hereafter incorporate by reference all the enumerated facts in the previous section.

1. This Court has jurisdiction to hear this complaint under 28 U.S. Code § 1331, because this civil action arises from Federal Statutes and the U.S. Constitution and the precedents of the Courts interpreting said Constitution and laws.

> "The district courts shall have original jurisdiction of all civil actions arising under the **Constitution**, **laws**, or treaties of the United States."
>
> [emphasis added] (28 U.S. Code § 1331)

2. The assignment and continued maintenance of the Grade of "B" instead of "A" to Ryan Nicholl violates the First Amendment to the U.S. Constitution because it was done as a result of Ryan Nicholl exercising his rights under the First Amendment not to disclose his political viewpoints. Political speech is speech about government. Because Kennesaw State University is a public university, and a unit of the Board of Regents of the University System of Georgia, speech about Kennesaw State University is therefore political speech. Because the Assignment mandated speech about Kennesaw State University, the assignment mandated political speech. Therefore

18

the Assignment was a form of compelled political speech in violation of the First Amendment. "The Constitution protects against the compelled disclosure of political associations and beliefs." (*Brown v. Socialist Workers Comm.*, 459 U.S. 87 (1982)) In fact, the constitution protects against compelled speech in general. "We begin with the proposition that the right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all." (*Wooley v. Maynard*, 430 U.S. 705 (1977))

3. This action is brought against Defendant Ken W. Harmon pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), this Court's constitutional equity jurisdiction, the First Amendment to the U.S. Constitution, the Due Process Clause of the U.S. Constitution, and the Fourteenth Amendment of the U.S. Constitution.

4. W. Ken Harmon violates the First Amendment by refusing to change the grade to "A". This violation is ongoing because he continues to leave the grade as "B" when the First Amendment and Doctrine of Unconstitutional Conditions compels him to change it to "A" instead. W. Ken Harmon is required by the U.S. Constitution to respect the First Amendment because public universities that are parts or subdivisions of state government are required to respect the First Amendment. "State action against which the Fourteenth Amendment protects includes action by a state board of

19

education." (*West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 637)

5. W. Ken Harmon is also required to observe the Due Process clause in setting university policy and handling appeals, and in handling a request to change the grade outside the grade appeal system.  "The Due Process Clause also forbids arbitrary deprivations of liberty.  Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the Clause must be satisfied." [internal quotation marks and citations omitted] (*Goss v. Lopez*, 419 U.S. 565 (1975)) "Since [...], if sustained and recorded, could seriously damage the students' reputation, as well as interfere with later educational and employment opportunities, the State's claimed right to determine unilaterally and without process whether [...]  has occurred immediately collides with the Due Process Clause's prohibition against arbitrary deprivation of liberty." (*Goss v. Lopez*, 419 U.S. 565 (1975)) Substantive Due Process requires that Ryan Nicholl not be deprived of a benefit as a result of exercising his First Amendment rights.

6. W. Ken Harmon violates the substantive due process clause because he refuses to correct Ryan Nicholl's grade to "A" when the law requires it to be "A" but it is currently listed as "B". The substantive due process clause prohibits W. Ken Harmon from allowing the grade of "B" to stand,

20

regardless of methods.

7. This action is brought against the Grade pursuant to this Court's *in rem* and constitutional equity jurisdiction, and through the First Amendment to the U.S. Constitution and the Due Process Clause of the U.S. Constitution, and via 28 U.S. Code § 1331. Action is brought via 28 U.S. Code § 2201 for declaratory judgment.

8. The Grade violates the Constitutional prohibition on involuntary servitude. The Assignment was created with the intent of using the Assignment as a coerced survey rather than evaluating the academic credentials of the Student. "The words "involuntary servitude" have a larger meaning than slavery, and the Thirteenth Amendment prohibited all control by coercion of the personal service of one man for the benefit of another." (*Bailey v. Alabama*, 219 U.S. 219 (1911))

9. This claim shall incorporate by reference all previous claims as a whole.

21

## IV. REQUESTED RELIEF

Ryan Nicholl hereby requests:

1. That this honorable Court pursuant to 28 U.S. Code § 2201 enter Declaratory Judgment against the Grade that Ryan Nicholl's grade for the Course is legally "A" and not "B".

2. That this honorable Court pursuant to 28 U.S. Code § 2201 enter Declaratory Judgment against W. Ken Harmon that Ryan Nicholl's grade for the Course is legally "A" and not "B".

3. That this honorable Court order and direct W. Ken Harmon to correct the Grade to "A".

4. That this Court award costs to the Plaintiff.


Respectfully submitted,

*Ryan P. Nicholl*          2018-5-19

RYAN P. NICHOLL          Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff, pro se*

22