FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 25 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Nicholl, *Plaintiff,* v.s. Samuel S. Olens (official capacity) *Defendant,* The Grade (*in rem*) *Defendant.* | Civil Action No. 1:17-cv-4518-AT |

## PLAINTIFF'S MOTION TO PARTIALLY VACATE JUDGMENT

Ryan Nicholl moves pursuant to Rule 60(b) to vacate the Court's judgment granting defendant's motion with regard to all questions except the Court's determination that it lacked subject-matter jurisdiction, and to vacate the Clerk's Judgment. A Court cannot dismiss a claim under both Rule 12(b)(1) and 12(b)(6), not even "in the alternative". They are mutually exclusive. When the court dismisses a claim under Rule 12(b)(1), the Court is not allowed to proceed any further because it lacks jurisdiction.

"The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits" (*Federated Department Stores,*

*Inc. v. Moitie*, 452 U.S. 394, 399, footnote 3 (1981); see also *Angel v. Bullington*, 330 U. S. 183, 330 U. S. 190 (1947); *Bell v. Hood*, 327 U. S. 678 (1946)). "[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits. [...] [J]urisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause" [internal quotation marks and citations omitted] (*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)) "The requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception" [internal quotation marks and citations omitted] (*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)).

This Court wrongfully determined that the alleged right is not protected and also that it lacked jurisdiction to decide the case. Both cannot be the case at the same time. Because this Court found that it lacked jurisdiction to decide the law, this Court is obligated to vacate its conclusion that Assignment 11.1 did not involve protected speech because this Court found itself to be without authority to decide the First Amendment claim (and other claims) when it found that it lacked subject-matter jurisdiction. This requirement is not optional or a matter of discretion. A federal court must first determine whether or not it has subject matter jurisdiction, and if it does not, that is the end of the Court's opinion and judgment.

Therefore, this Court should vacate it's conclusion that the motion is also dismissed under 12(b)(6) because once the claim is dismissed under 12(b)(1) the Court lacks jurisdiction to decide whether it should be dismissed under Rule 12(b)(6).

Ryan Nicholl will additionally file a motion to amend the complaint showing additional facts that allege an "ongoing" violation of federal law sufficient to confer subject matter jurisdiction.

Respectfully submitted,

*[signature]*     2018-5-19

RYAN P. NICHOLL     Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff, pro se*