# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RYAN NICHOLL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CA No. 1:17cv4518-AT** |
| **v.** | : | |
| | : | |
| **W. KEN HARMON, in his official** | : | |
| **capacity only,**[1] | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| **THE GRADE (in rem)** | : | |
| **Defendant.** | : | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PARTIALLY VACATE JUDGMENT (DOC. 24) AND MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. 23)

Comes Now Defendant W. Ken Harmon, in his official capacity as Interim President of Kennesaw State University, through counsel, and hereby responds to Plaintiff's Motion to Partially Vacate Judgment and his Motion for Leave to Amend Complaint:

---

[1] Plaintiff's lawsuit originally named Samuel S. Olens, in his official capacity as President of Kennesaw State University.  Effective February 15, 2018, W. Ken Harmon was named Interim President of Kennesaw State University.  Pursuant to Federal Rule 25(d), Interim President Harmon was automatically substituted for Samuel S. Olens as the party defendant.

1

## I.  FACTUAL AND PROCEDURAL HISTORY

Pro se Plaintiff Ryan Nicholl ("Plaintiff"), a student at Kennesaw State University ("KSU"), sued the President of KSU, in his official capacity, based on allegations that his rights under the First, Thirteenth, and Fourteenth Amendments of the United States Constitution were violated by a homework assignment in Plaintiff's Technical Writing class.  (Doc. 1 at 1-2).  Plaintiff's lawsuit alleged that his final grade in the course was a B, instead of an A, because he chose not to complete the allegedly unconstitutional assignment (Doc. 1 at 3, ¶ 7) and sought a declaratory judgment that his grade in the course should be an "A," and not a "B" and an injunction ordering the President to change the grade on his transcript to an "A."  (Doc. 1 at 13, ¶¶ 1-2).

Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6).  (Doc. 11 and 11-1).  The Defendant's Motion argued that the lawsuit should be dismissed for lack of jurisdiction on grounds that it was barred by the Eleventh Amendment. (Doc. 11-1 at 2-5).  The Motion argued, in the alternative, that the lawsuit should be dismissed for failure to state a claim. (Doc. 11-1 at 5-15).   Plaintiff filed an Opposition to the Motion (Doc. 13-2), and the Defendant filed a Reply Brief in Support of his Motion. (Doc. 16).

On May 8, 2018, this Court issued a 28-page decision granting the Defendant's Motion to Dismiss in its entirety.  (Doc. 21).  This Court held that jurisdiction was lacking because the claim was barred by the Eleventh Amendment.  (Doc. 21 at 1-8).   The Court also addressed the Defendant's alternative grounds for dismissal (i.e., dismissal for failure to state a claim under Federal Rule 12(b)(6)) and held that even if Plaintiff's claims were construed properly as seeking prospective injunctive relief and therefore not barred by the Eleventh Amendment, each of Plaintiff's claims in the Complaint were nonetheless subject to dismissal for failure to state a claim. (Doc. 21 at 8-28).

Plaintiff has now filed two post-judgment motions.  He has filed a Motion pursuant to Federal Rule 60(b) requesting that this Court vacate that portion of the decision dismissing the claim for failure to state a claim.  Plaintiff's Motion argues that this Court is "obligated" to vacate that portion of the decision based on his view that the Court's ruling on the applicability of the Eleventh Amendment to bar the suit necessarily precludes any ruling by the Court on the merits of the claim. (Doc. 25 at 2).   Plaintiff's second Motion seeks to amend his Complaint pursuant to Federal 15(a) so that he can add additional allegations to show that the violation was ongoing and thus within the *Ex Parte Young* exception to the Eleventh

Amendment.  Plaintiff contends that the Court is "obligated to accept this amendment" because the Court lacked subject matter jurisdiction.  (Doc. 23 at 5).

As discussed below, both of Plaintiff's Motions lack merit.

## II.  PLAINTIFF'S MOTION TO PARTIALLY VACATE THE JUDGMENT SHOULD BE DENIED.

Plaintiff's Motion to Partially Vacate the Judgment is brought pursuant to Federal Rule 60(b), which provides that a Court may relieve a party from a final judgment or order for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's Motion does not enumerate the Rule 60(b) ground upon which he relies.  However, given his argument that the Court is barred from reaching the

merits based on its ruling that the Eleventh Amendment immunity bars suit, Plaintiff may be intending to argue based upon one or more of the following Rule 60(b) grounds : 1) mistake); 2) void judgment ; or 6) the catch-all provision.[2]  As discussed below, none of these circumstances apply here.

A.  Relief is not warranted under Federal Rule 60(b)(1).

To the extent that Plaintiff is intending to argue that the decision should be partially vacated on grounds of "legal mistake" under Rule 60(b)(1), his argument lacks merit.  Rule 60(b)(1) is "designed 'to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors.'" *Rice v. Ford Motor Co.*, 88 F.3d 914, 918, n.7 (11th Cir. 1996) (internal citations omitted).  While [s]ome courts have applied 60(b)(1) to theories of mistake of law when the motion was filed before the time to file a notice of appeal had expired, [] such relief is available only for obvious errors of law and limited to 'perfunctory correction.'" *Muhammad v. HSBC Bank*, 2010 U.S. Dist. LEXIS 32468 at *3-4 (S. D. Ala. 2020).

Plaintiff's contention -- that this Court may not rule, in the alternative, that a Rule 12(b)(6) motion has merit, after having held that Eleventh Amendment immunity applies -- is not an "obvious" clerical-type error subject to correction

---

[2] Plaintiff's argument has nothing to do with fraud, new evidence, or prior judgments and thus Rule 60(b)( 2), (b)(3), and (b)(5) clearly do not apply.

under Federal Rule 60.  Plaintiff's remedy for correction of legal error that is not facially obvious is to seek an appeal, and not post-judgment relief under Rule 60(b).

Moreover, even if legal error of a less "obvious" or "clerical" nature were deemed to fall within the scope of Rule 60(b)(1), Plaintiff's assertion that the Court cannot rule in the alternative is simply incorrect, and, therefore, there is no legal error here that would be subject to correction under Rule 60.  The Defendant's Motion raised two alternative grounds for dismissal (lack of jurisdiction due to the Eleventh Amendment and failure to state a claim), and it was proper for this Court to address both grounds in its Order.  This Court correctly held that Plaintiff's claim did not fall within the *Ex Parte Young* exception for ongoing prospective violations of federal law, but also held that even if the claims were construed favorably to Plaintiff as seeking prospective relief, the lawsuit was nonetheless subject to dismissal for failure to state a claim. [Doc. 21 at 8].

Federal courts often rule on the merits of a motion to dismiss for failure to state a claim even where the Defendant has moved in the alternative based on Eleventh Amendment immunity.  *See e.g.*, *Clarke v. McMurry*, 2017 U.S. Dist. LEXIS 201445 at *12 (N.D. Ga. 2017) ("The Court finds that, even if Plaintiff's

Complaint were not barred by the aforementioned jurisdictional grounds [including the Eleventh Amendment], Plaintiff has failed to state a claim under § 1983.")

Plaintiff's contention that the Court could not address the merits given the immunity portion of the decision ignores the "substantial differences between Eleventh Amendment immunity and traditional Article III jurisdiction." *Ga State Conference of the NAACP v. Georgia*, 269 F. Supp. 3d 1266 at *43 (N.D. 2017) (Duffey, J., concurring).  In *McClendon v. Georgia Dep't of Comm'ty Health*, 261 F.3d  1252, 1257 (11th Cir. 2001), the Eleventh Circuit declared the Eleventh Amendment to be a "rather peculiar kind of 'jurisdictional'  issue because "[u]nlike most subject matter jurisdiction issues, which cannot be waived by the parties and must be raised by a court on its own initiative, the Eleventh Amendment does not automatically deprive a court of original jurisdiction." Thus, the Court in *McClendon* laid down "an exception unique to our circuit" [*see Ga State Conference of the NAACP*, 269 F. Supp. 3d at 1288] that allows a court to reach the merits, notwithstanding the applicability of the Eleventh Amendment, in cases where the Defendants have conditionally asserted the Eleventh Amendment, thereby expressing a willingness to allow the Court to rule on the merits of the claim:

> We interpret the defendants' position as a conditional
> assertion of Eleventh Amendment sovereign immunity –

they insist upon that defense only if it is necessary to prevent judgment against them on the merits.  In other words, the defendants are willing to withhold the assertion of the Eleventh Amendment provided that our disposition of the merits issue is favorable to them.  Only if we are going to decide the merits issue against them do they insist upon a ruling on the Eleventh Amendment issue.  *Because the Eleventh Amendment "grants the State a legal power to assert a sovereign immunity defense should it choose to do so [internal citations omitted], the defendants are free to conditionally assert that defense in order to allow a federal court to decide in their favor on the merits."*

*McClendon*, 261 F.3d 1258 (emphasis added).

In this case, the Defendant moved for dismissal, alternatively, based on both Eleventh Amendment immunity and on the merits, and in raising alternative grounds, the Defendant thereby expressed his willingness to allow the Court to reach the merits of Plaintiff's claims, notwithstanding his contention that the Eleventh Amendment would also apply to bar the claims.  *See Ga NAACP*, 269 F. Supp. at 1289, (Duffey, J., concurring) (opining that Eleventh Circuit would conclude that a conditional assertion of Eleventh Amendment immunity is implied when a state moves to dismiss counts for failure to state a claim).

While this Court concluded that Eleventh Amendment immunity barred the action, it can choose to analyze the merits under an assumption that the Eleventh Amendment were not at issue.

B.  Relief is not warranted under Federal Rule 60(b)(4).

To the extent that Plaintiff is arguing that the merits portion of the decision is "void" under Federal Rule 60(b)(4) based on his belief that this Court lacked jurisdiction to reach the merits, this position lacks merit for the reasons set forth above in connection with Rule 60(b)(1).  Plaintiff is incorrect when he argues that a court cannot reach the merits in a case involving Eleventh Amendment immunity because *McClendon* and its progeny specifically allow a court to do so by interpreting the Defendant's assertion of the Eleventh Amendment as a conditional one.  *See McClendon*, 261 F.3d at 1257-1258.

C. Relief is not warranted under Federal Rule 60(b)(6).

To the extent Plaintiff may be seeking relief pursuant to the catchall provision of Rule 60(b)(6), relief under this provision "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001). In order to prevail under Rule 60(b)(6), a plaintiff "must do more than show that a grant of [his] motion might have been warranted . . . [he] must demonstrate a justification for relief so compelling that the district court [is] *required* to grant [his] motion." *Rice*, 88 F.3d at 919 (emphasis in original).  Plaintiff does not come close to meeting this high standard for obtaining relief.

### III.   PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED.

Plaintiff's Motion to Amend his Complaint pursuant to Rule 15(a) should be denied because it is well established that this rule "governs amendment of pleadings *before* judgment is entered [] [and] has no application *after* judgment is entered." *David Johnson Constr. Co v. Clearing Consulting*, 2018 U.S. App. LEXIS 1201 at *7 (2018) (emphasis in original).  *See also Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010).  While a plaintiff could seek leave to amend his pleadings post-judgment if he or she were to obtain relief pursuant to Rule 60(b) (*see Jacobs*, 626 F.3d at 1344-1345), Plaintiff is not entitled to relief under Rule 60(b), as set forth above, and, therefore, Plaintiff may not amend his Complaint at this stage of the proceedings.

Moreover, even if Plaintiff had sought to amend his pleading *prior* to entry of final judgment, his request would nonetheless still have been denied because amendment under Rule 15(a) is disallowed when the amendment would be futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Plaintiff asks this Court to allow him to amend his Complaint to "plead sufficient factual details to show that the alleged violation is 'ongoing'" and

therefore within the *Ex Parte Young* exception to Eleventh Amendment immunity. [Doc. 23  at 5].  Plaintiff acknowledges that he raised these alleged facts in his Brief in opposition to Defendant's Motion, but expresses concern that failure to plead them in his Complaint "may technically be inadequate" (Doc. 23 at 5) and thus, Plaintiff seeks to amend his Complaint to add allegations that "[t]he Administration of [KSU] continues to violate the First Amendment by not changing the grade to 'A'" (Doc. 23-1 at 8) and that he  "intends to re-ask Ken W. Harmon [sic] or the new president of [KSU] to change the grade monthly." (Doc. 23-1 at 15, ¶ 27).

These proposed changes to his pleading would not change the outcome or make his non-viable claims viable.  Indeed, the Court considered Plaintiff's position, set forth in his briefing, that the harm was ongoing based on the continued existence of the "B" grade on his transcript and specifically rejected his argument: "Plaintiff cannot transform the one time assignment of this grade into ongoing conduct merely by pointing out that no one has yet changed his grade." (Doc. 21 at 7), citing *Federov . Bd. of Regents for Univ. of Georgia*, 194 F. Supp.2d 1378 (S.D. Ga. 2002).  Thus, amending the pleading to include allegations

11

that the grade remains unchanged and/or that KSU administration has refused his continued requests for a grade change would not save his lawsuit from dismissal.[3]

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion to Partially Vacate Judgment and Motion for Leave to Amend Complaint be denied.

Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General                 112505

ANNETTE M. COWART          191199
Deputy Attorney General

RUSSELL D. WILLARD          760280
Senior Assistant Attorney General

/s/Elizabeth A. Monyak
ELIZABETH A. MONYAK        005745
Senior Assistant Attorney General

---

[3] Plaintiff's proposed Amended Complaint also adds a new allegation that there exists a "high likelihood" that he will be asked to complete a course evaluation, similar to the one at issue here, in future KSU classes. (Doc. 23-1 at ¶ 3). Claims based on speculative future harm to Plaintiff resulting from speculative future assignments in courses that he has yet to even take are not justiciable because such claims would not satisfy the "case or controversy" requirement set forth in Article III of the United States Constitution. *See Emory v. Peeler*, 756 F.2d 1547, 1551-1552 (11th Cir. 1985) ("[T]he continuing controversy may not be conjectural, hypothetical, or contingent: it must be real and immediate, and create a definite, rather than speculative threat of future injury.")

Georgia Department of Law
40 Capitol Square SW
Atlanta, GA  30334
404-463-3630

Attorneys for Defendant

Please address all
Communication to:
ELIZABETH A. MONYAK
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
emonyak@law.ga.gov
404-463-3630
404-657-9932

13

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendant's Response to Plaintiff's Motion to Partially Vacate Judgment (Doc. 24) and Motion for Leave to Amend Complaint (Doc. 23) was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

/s/Elizabeth A. Monyak_____
ELIZABETH A. MONYAK     005745
Senior Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2018, I electronically filed this Response to Plaintiff's Motion to Partially Vacate Judgment (Doc. 24) and Motion for Leave to Amend Complaint (Doc. 23) using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:  NONE

I hereby certify that pursuant to written agreement between the parties to serve pleadings by electronic means, I have emailed an electronic copy in PDF format to the following non-CM/ECF participant:

Ryan Nicholl
exaeta@protonmail.com

Done this 31st day of May 2018.

/s/Elizabeth A. Monyak
ELIZABETH A. MONYAK     005745
Senior Assistant Attorney General