Case 1:17-cv-04518-AT   Document 27   Filed 06/06/18   Page 1 of 8

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 06 2018

JAMES N. HATTEN, Clerk
By: BR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Nicholl, *Plaintiff*, v.s. W. Ken Harmon (official capacity) *Defendant,* The Grade (*in rem*) *Defendant.* | Civil Action No. 1:17-cv-4518-AT |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PARTIALLY VACATE JUDGMENT**[1]

To clarify, the motion to partially vacate was intended under FRCVP 60(b)(4) because a judgment without jurisdiction is void. When this court entered an order declaring that it lacked jurisdiction under FRCVP 12(b)(1) this court deprived itself of jurisdiction to grant the motion under FRCVP 12(b)(6). While the court might indicate how it would rule under FRCVP 12(b)(6) if given the chance

---

[1] This reply does not address the defendant's response to the motion for leave to amend, which was a separate motion and will be withdrawn in lieu of a second motion to amend that includes facts newly discovered on 2018-5-31.

after dismissing the complaint under FRCVP 12(b)(1), it cannot actually grant a dismissal under both FRCVP 12(b)(1) and FRCVP 12(b)(6).

Ryan Nicholl, the Plaintiff, is *pro se*. While courts are supposed to treat *pro se* plaintiffs with certain flexibility, that does not extend to relax the rules of jurisdiction. The scope of the court's authority does not flex depending whether the person before the court has a law license or not.

A court with "jurisdiction" to rule in favor of one party on the merits but not the other is not a real court but rather a circus show with robed clowns engaged in a show of fake justice. Defendant argues in their opposition brief that this court is a circus full of clowns. A conditional invocation of sovereign immunity that applies only if the Court rules in favor of the Defendant is not sensible. Jurisdiction is "power to declare the law" and "power to declare the law" implies the authority to actually decide the law for either side. The notion that a court could obtain jurisdiction, but only to rule in favor of one particular party, violates the Due Process Clause because the court lacks the power to "decide the law" in that case. Sovereign immunity is "immunity to suit" not immunity to an unfavorable ruling. Conditional "half-jurisdiction" where a court can rule in favor of one party but not another is a form of judicial tyranny and fake law; though some might call it "dereliction of judicial duty".

"[The Supreme] Court has established the general principle that a State's voluntary appearance in federal court amounts to a waiver of its Eleventh Amendment immunity" (*Lapides v. Board of Regents of Univ. System of Ga.*,

2

535 U.S. 613 (2002)) A state waives its sovereign immunity when it asks a federal court to rule on the merits. Sovereign immunity is a conditional immunity in that a state has the authority to consent to jurisdiction. Nonetheless, sovereign immunity is jurisdictional in nature even though it can be waived.

The rule that a federal court must establish jurisdiction before it rules on the merits is inflexible and without exception, see *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999). The declaration of the U.S. Supreme Court that there are no exceptions to this rule stands and the 11th Circuit lacks authority to create an exception, especially when the U.S. Supreme Court clearly stated that the rule was "without exception". To enforce the "exception" the 11th Circuit suggests would be simple defiance of the U.S. Supreme Court's judgment that there are no exceptions. When the Supreme Court said the rule is "without exception" in *Ruhrgas* I assume the Supreme Court meant it. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) was decided very shortly before *McClendon v. Georgia Dep't of Comm'ty Health*, 261 F.3d 1252, 1257 (11th Cir. 2001); considering the gap was only 2 years, the 11th Circuit was probably not made aware of *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) from the briefs when it decided *McClendon*. Indeed, *McClendon* does not even mention *Ruhrgas*. Given that *Ruhrgas* was decided so recently and addresses the same subject, you would think the 11th Circuit would have addressed it if they intentionally carved an exception into a rule *Ruhrgas* says is "without exception". The 11th Circuit simply was not up-to-date with recent Supreme Court precedent when it decided *McClendon*,

which is not good law in light of *Ruhrgas*.

Even if we were to assume the 11th Circuit's opinion in *McClendon* was correct (which it is obviously not), it only says that a federal court may address the merits *in lieu* of addressing jurisdiction, it does not say that a federal court may decide that it lacks jurisdiction and also decide the merits. Even if the Defendant could, as *McClendon* suggests, conditionally waive sovereign immunity to jurisdiction only against an unfavorable ruling, the court must find some basis for jurisdiction. Even assuming *in arguendo* that the court could hypothetically address the merits without concerning itself with sovereign immunity to jurisdiction, this court did not do that, and instead entered a judgment dismissing the claim under FRCV 12(b)(1). Even if this court could have dismissed the claim under FRCV 12(b)(6) instead of FRCV 12(b)(1), it still lacks jurisdiction to decide the claim under FRCVP 12(b)(6). Because this issue is before this court on a motion to vacate under FRCVP 60(b)(4), this court need not reconsider its earlier determination that dismissed the case for lack of subject-matter jurisdiction.

Even under the incorrect holding of *McClendon*, a dismissal under FRCV 12(b)(1) would still preclude further judgment under FRCV 12(b)(6). As the 11th Circuit said, "a state or its officials cannot force a federal court to decide the merits of a claim before addressing the Eleventh Amendment issue, and we can raise an Eleventh Amendment issue on our own motion." (*McClendon v. Georgia Dep't of Comm'ty Health*, 261 F.3d 1252, 1257 (11th Cir. 2001)) This

4

court has addressed the 11th Amendment Immunity question with regard to the initial complaint and decided that it lacked jurisdiction. Even if the holding in *McClendon* were correct, which it is not, it does not preclude the court from addressing subject-matter jurisdiction under FRCV 12(b)(1), thus the court's order dismissing the claim under FRCV 12(b)(1) was lawfully entered and not void.

The *Ex Parte Young* exception only requires the complaint "allege an ongoing violation of federal law". The court does not need to, and is not permitted to, determine whether that *allegation* that federal law is violated actually constitutes a violation of federal law before it has acquired subject-matter jurisdiction. To suggest that the *Ex Parte Young* exception requires the court to determine whether the alleged violation is actually a violation requires the Court to decide the merits of the claim before it has determined whether or not it has subject-matter jurisdiction, which is circular reasoning and therefore wrong. A federal court does not require subject-matter jurisdiction under *Ex Parte Young* before it decides whether the complaint "alleges an ongoing violation of federal law" otherwise the court would never be able to utilize the *Ex Parte Young* exception as it would be without authority to decide whether the allegations constitute a violation. While a federal court evaluates whether the *Ex Parte Young* exception applies, it has not yet acquired subject-matter jurisdiction and thus must only examine whether or not the complaint *alleges* an ongoing violation of federal law.

The complaint technically did not plead that the ongoing failure to change the grade is a violation, thus the courts dismissal for lack of an "ongoing" violation

might have been proper as a dismissal for lack of subject-matter jurisdiction notwithstanding the incorrect dismissal under FRCVP 12(b)(6).

Because the court lacked jurisdiction to decide the merits after it dismissed the claim under FRCVP 12(b)(1), the dismissal under FRCVP 12(b)(6) should be vacated, regardless of whether or not the court allows amendment.

Respectfully submitted,

| | |
|---|---|
| */s/Ryan Nicholl* | 2018-6-4 |
| RYAN P. NICHOLL | Date |
| 950 HUDSON RD SE | |
| APT 202 | |
| MARIETTA GA, 30060 | |
| (678) 358-7765 | |
| exaeta@protonmail.com | |
| *Plaintiff* | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Nicholl, | |
| *Plaintiff,* | Civil Action No. |
| v.s. | 1:17-cv-4518-AT |
| W. Ken Harmon (official capacity), | |
| *Defendant,* | |
| The Grade (*in rem*) | |
| *Defendant.* | |

## PLAINTIFF'S CERTIFICATION OF SERVICE

I certify and declare pursuant to 28 U.S.C. § 1746 that on 2018-6-4 I have served counsel for W. Ken Harmon, et al. with **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PARTIALLY VACATE JUDGMENT**, and this document, by emailing a copy of such document to <nicholls.lawsuit@gmail.com> pursuant to Defendant's consent to receive electronic service.

1

Respectfully submitted,

_Ryan P. Nicholl_   2018-6-4
RYAN PATRICK NICHOLL   Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff*