FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 06 2018

JAMES N. HATTEN, Clerk
By: BR  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Nicholl, *Plaintiff*, v.s. W. Ken Harmon (official capacity) *Defendant*, The Grade (*in rem*) *Defendant*. | Civil Action No. 1:17-cv-4518-AT |

## PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT

Ryan Nicholl moves to amend the complaint. A proposed amended complaint is attached. The proposed amended complaint differs from the previous mainly in that additional allegations are raised based on information discovered on May 31, 2018 regarding the imposition of an additional "mandatory survey" which will occur in the future. This proposed amendment adds Josip Derado as a defendant in his official capacity and makes various clarifications.

"It is [...] entirely contrary to the spirit of the Federal Rules of Civil Procedure, for decisions on the merits to be avoided on the basis of such mere technicalities."

1

(<u>Foman v. Davis</u>, 371 U.S. 178 (1962)) "Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), §§ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."" (<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)) The D.C. Circuit held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections [...] delay, without a showing of prejudice, is not a sufficient ground for denying the motion." (<u>Harrison v. Rubin</u>, 174 F.3d 249, 253 (D.C. Cir. 1999))

Although I did provide sufficient detail to show the violation was "ongoing", I admit I did not include such detail in the pleadings and only raised it in the opposition to dismiss, which may technically be inadequate. The proposed amended complaint will plead sufficient factual details to show that the alleged violation is "ongoing" and therefore confer subject matter jurisdiction.

I disagree with the Court's conclusion that the alleged speech would not be protected, but the decision on the merits is not an appealable portion of the order because it was entered without subject-matter jurisdiction. Accordingly, this

amended complaint will plead enough facts to show that the alleged violation is ongoing. Ryan Nicholl will appeal an adverse decision on the merits of the claim to the 11th Circuit once it is entered with jurisdiction.[1]

Respectfully submitted,

/s/Ryan P. Nicholl      2018-6-6
RYAN P. NICHOLL      Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff*

---

[1] In general, an appeals court is not supposed to pass upon the merits of the claim "in the first instance", thus this court should enter a judgment on the merits first (with subject-matter jurisdiction).

3