IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Nicholl, *Plaintiff*, v.s. W. Ken Harmon (official capacity) *Defendant,* Josip Derado (official capacity) *Defendant,* The Grade (*in rem*) *Defendant.* | Civil Action No. 1:17-cv-4518-AT |

## SECOND AMENDED COMPLAINT

Ryan P. Nicholl, the Plaintiff, represented *pro se*, hereby complains to this honorable Court and requests declaratory judgment and injunctive relief.

### I. INTRODUCTION

Ryan Nicholl was illegally penalized in his final course grade for failing to answer political questions as part of a class assignment. The U.S. Supreme Court has held that no one can be compelled to disclose one's political affiliations,

4

inclinations, and leanings. After being assigned such illegal assignment, Ryan Nicholl declined to complete it per his rights under the First Amendment. Had Ryan Nicholl received points for that assignment, his final grade would have been "A" instead of "B". Because Kennesaw State University is a public school, it is bound by the first Amendment and is not allowed to penalize students for failing to answer questions about the student's political viewpoints. Accordingly the grade of "B" received was illegal and should have been "A" instead. The administration of Kennesaw State University continues to violate the First Amendment by not changing the grade to "A" as required by the First Amendment. W. Ken Harmon refuses to alter the grade and continues not to change it. Furthermore Josip Derado, a professor of statistics, has included in his class syllabus, an indication that the class contains a mandatory survey, and that if Ryan Nicholl does not complete this survey he will not receive a grade for the course. Ryan Nicholl requests that this Court remedy the problem.

## II. FACTS

1. The Plaintiff, Ryan Nicholl (henceforth, "the Student") is a Computer Science student enrolled at Kennesaw State University (henceforth, "the University"), he will continue to take additional classes for the near future as of 2018-6-4 and is enrolled in classes during the Summer 2018 semester and also plans to enroll in classes during the Fall 2018 semester.

2. Kennesaw State University is a unit of the Board of Regents of the University System of Georgia. Kennesaw State University is located in Cobb County, Georgia. The Board of Regents of the University System of Georgia is considered a part or subdivision of State government.

3. Sam S. Olens was the President and CEO of Kennesaw State University, and was replaced by Ken Harmon. As of 2018-6-4, W. Ken Harmon is the president of Kennesaw State University.

4. Ryan Nicholl was enrolled a course called "Technical Writing" (henceforth, "the Course") at the University for which Ryan Nicholl was assigned a grade of "B" (henceforth, "the Grade") by the University.

5. The Professor admitted that had Ryan Nicholl completed "Assignment 11.1" (henceforth, "the Assignment"), Ryan Nicholl would have received a grade of "A" instead. Therefore, Ryan Nicholl received the Grade of "B" because he did not complete Assignment 11.1.

6. Completing the Assignment required Ryan Nicholl to disclose his viewpoints and opinions about the course, which is taught by Kennesaw State University. Ryan Nicholl thinks that the school is compelling him to disclose his opinions about Kennesaw State University. Ryan Nicholl decided not to complete the Assignment because it required Ryan Nicholl to disclose those viewpoints. Ryan Nicholl received a grade of "B" instead of "A" because he refused to disclose those viewpoints by completing the assignment.

7. Ryan Nicholl did not consent to the Assignment and did not have access to a list of assignments in advance of when they were assigned. Ryan Nicholl could not review the full list of assignments during the Add/Drop Period and did not consent to the inclusion of an assignment that compelled the disclosure of his political viewpoints. Because Ryan Nicholl could not have reasonably known that such an assignment would be assigned as part of the course and due to absence of affirmative, explicit or implied consent, Ryan Nicholl did not consent to the Assignment.

8. Ryan Nicholl is harmed by receiving the Grade of "B" because receiving a grade of "B" instead of "A" contributes to a lower GPA and at least the following types of harm result from a lower GPA:

   (a) Having a lower GPA reduces the probability of being hired quickly, and

7

(b) Having a lower GPA damages Nicholl's reputation, and

(c) Having a lower GPA makes it harder to obtain scholarships, including government scholarships such as Georgia's HOPE and Zel Miller.

9. Ryan Nicholl intends to apply for employment after graduation and having a lower GPA will be substantially likely to reduce his expected salary and is also substantially likely to increase his expected hiring time. Therefore this harm which is substantially likely to occur is caused by the ongoing failure to change the grade to "A" by Ken Harmon.

10. Assignment 11.1 Question 1 which reads:

> "Of the assignments given this semester, which do you believe to be the most beneficial to your learning? Explain."

is designed with intent to and has the effect of soliciting feedback about which assignments were most effective to promote student learning in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

11. Assignment 11.1 Question 2 which reads:

> "Which assignment do you believe you should have spent more time and focus on prior to submission? What would you have done differently?"

8

is designed with intent to and has the effect of soliciting feedback that would be used for the purpose of determining how students could be better advised about how they could prepare for assignments in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

12. Assignment 11.1 Question 3 which reads:

> "Which assignment did you find to be the least beneficial? Explain."

is designed with intent to and has the effect of soliciting feedback that would be used for the purpose of determining which assignments should be revised or removed in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

13. Assignment 11.1 Question 4 which reads:

> "After looking through the table of contents of your Markel text, identify a topic you find interesting that was not covered this semester. (Note: Not all topics listed by Markel are topics of focus for the TCOM courses at KSU)."

is designed with intent to and has the effect of soliciting feedback that

9

would be used for determining what content could be included to increase student interest in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

14. Assignment 11.1 Question 5 which reads:

    "Do you have any suggestion for the setup or execution of this course? If so, what is it?"

    is designed with intent to and has the effect of soliciting any other feedback that could be used for the purpose of improving the course in order to improve the course, not for the purpose of evaluating Nicholl's academic achievement nor teaching Nicholl how to write technically.

15. Ryan Nicholl exhausted administrative grade appeal procedures. Samuel S. Olens, who was at the time president of the University, was the University's final administrative decision-maker with regard to the grade appeal. Nicholl petitioned for "discretionary review" to the Board of Regents but has not received a substantive response from the Board of Regents with regard to said appeal. Samuel S. Olens issued the final decision of Kennesaw State University on September 6th, 2017, and declined to change the grade from "B" to "A". Ryan P. Nicholl submitted an application for discretionary review to the BoR on September 29th, 2017 and later received an unreasoned

10

decision denying relief.

16. Ryan Nicholl requested that Ken W. Harmon change the grade to "A", but he refused. This event is likely to repeat because Ryan Nicholl intends to re-ask Ken W. Harmon or the new president of Kennesaw State University to change the grade monthly. W. Ken Harmon continues to maintain the grade of "B" and not change it to "A". W. Ken Harmon is likely to continue to maintain the grade of "B" in the gradebook.

17. W. Ken Harmon either has a policy of not changing student grades even when those grades violate the First Amendment, or has a policy that interprets compelled graded surveys as constitutional. Regardless, W. Ken Harmon has established a policy of allowing compulsory surveys as part of course content. W. Ken Harmon will not voluntarily rescind the policy.

18. Josip Derado is the instructor of "Probability and Inference". Josip Derado's syllabus includes language stating that "On the last day of the classes a MANDATORY student survey will be given.". Josip Derado did state that students who did not complete this survey will receive a grade of "I" if the survey is not completed. (A grade of "I" stands for "incomplete".)

19. Based on information and belief, students who do not complete the "Mandatory Survey" will receive a grade of "I" in the class of "probability and inference" taught by Josip Derado. Based on information and belief,

11

the mandatory survey will contain questions about the course, which is a program taught by Kennesaw State University, an arm of the state and part of a unit of government.

20. Ryan Nicholl does not wish to complete the mandatory survey as part of his Probability and Inference course. Ryan Nicholl will suffer a concrete harm to his liberty interest in not completing the survey if he is forced to complete the survey by coercive measures such as withholding his final grade and replacing it with a grade of "Incomplete". Ryan Nicholl will be forced to complete the mandatory survey because receiving a grade of "Incomplete" is reasonably likely to delay Ryan Nicholl's graduation from Kennesaw State University.

21. Because Ryan Nicholl has already been assigned two mandatory surveys, it is likely that Ryan Nicholl will be assigned additional mandatory surveys in the future.

22. On at least two occasions in the past, Kennesaw State University has commenced frivolous harassment disciplinary proceedings against Ryan Nicholl based on protected speech. In the second instance, the frivolous harassment proceedings were not dismissed until Ryan Nicholl complained to the Board of Regents. Based on information and belief, the stated reasons for these frivolous proceedings ("Sexual harassment" based on an "offensive" comment made off-campus, and a "violation of FERPA"

12

based on emailing other students in his class regarding a matter "not related to coursework") were mere pretexts for harassment in retaliation for expressing negative viewpoints about Kennesaw State University professors and classes. Kennesaw State University is corrupted by a pervasive culture that condones retaliation of students who express negative viewpoints about the university in order to artificially inflate the reputation of the university by chilling dissent. Ryan Nicholl is likely to experience retaliation for expressing negative viewpoints about Kennesaw State University in such surveys, especially when the surveys are not made anonymous.

I, Ryan Patrick Nicholl, pursuant to 28 U.S.C. § 1746 hereby certify and declare under penalty of perjury under the laws of the United States, that all foregoing statements of fact submitted in this complaint are true and correct to the best of my knowledge.

Respectfully submitted,

*/s/Ryan P. Nicholl*      2018-6-6
RYAN P. NICHOLL      Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff*

## III. CLAIMS

All claims hereafter incorporate by reference all the enumerated facts in the previous section.

1. This Court has jurisdiction to hear this complaint under 28 U.S. Code § 1331, because this civil action arises from Federal Statutes and the U.S. Constitution and the precedents of the Courts interpreting said Constitution and laws.

   > "The district courts shall have original jurisdiction of all civil actions arising under the **Constitution**, **laws**, or treaties of the United States."
   >
   > [emphasis added] (28 U.S. Code § 1331)

2. Ryan Nicholl has standing to challenge the constitutionality of the maintenance of the grade of "B" because Ryan Nicholl will suffer concrete harm and future harm that is reasonably likely to occur under facts 8, 9, 16, 17, 19, 20, 21, and 22.

3. The assignment and continued maintenance of the Grade of "B" instead of "A" to Ryan Nicholl violates the First Amendment to the U.S. Constitution because it was done as a result of Ryan Nicholl exercising his rights under the First Amendment not to disclose his political viewpoints. Political speech is speech about government. Because Kennesaw State University

15

is a public university, and a unit of the Board of Regents of the University System of Georgia, speech about Kennesaw State University is therefore political speech. Because the Assignment mandated speech about Kennesaw State University, the assignment mandated political speech. Therefore the Assignment was a form of compelled political speech in violation of the First Amendment. "The Constitution protects against the compelled disclosure of political associations and beliefs." (*Brown v. Socialist Workers Comm.*, 459 U.S. 87 (1982)) In fact, the constitution protects against compelled speech in general. "We begin with the proposition that the right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all." (*Wooley v. Maynard*, 430 U.S. 705 (1977))

4. This action is brought against Defendant Ken W. Harmon pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), this Court's constitutional equity jurisdiction, the First Amendment to the U.S. Constitution, the Due Process Clause of the U.S. Constitution, and the Fourteenth Amendment of the U.S. Constitution. W. Ken Harmon violates the First Amendment by refusing to change the grade to "A". This violation is ongoing because he continues to leave the grade as "B" when the First Amendment and Doctrine of Unconstitutional Conditions compels him to change it to "A" instead. W. Ken Harmon is required by the U.S. Constitution to respect the First

16

Amendment because public universities that are parts or subdivisions of state government are required to respect the First Amendment. "State action against which the Fourteenth Amendment protects includes action by a state board of education." (*West Virginia State Board of Education v. Barnette, 319 U.S. 624, 637*)

5. W. Ken Harmon is also required to observe the Due Process clause in setting university policy and handling appeals, and in handling a request to change the grade outside the grade appeal system. "The Due Process Clause also forbids arbitrary deprivations of liberty. Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the Clause must be satisfied." [internal quotation marks and citations omitted] (*Goss v. Lopez*, 419 U.S. 565 (1975)) "Since [...], if sustained and recorded, could seriously damage the students' reputation, as well as interfere with later educational and employment opportunities, the State's claimed right to determine unilaterally and without process whether [...] has occurred immediately collides with the Due Process Clause's prohibition against arbitrary deprivation of liberty." (*Goss v. Lopez*, 419 U.S. 565 (1975)) Substantive Due Process requires that Ryan Nicholl not be deprived of a benefit as a result of exercising his First Amendment rights. Federal Courts have the obligation to protect federal rights.

6. W. Ken Harmon violates the substantive due process clause because he refuses to correct Ryan Nicholl's grade to "A" when the law requires it to be "A" but it is currently listed as "B". The substantive due process clause prohibits W. Ken Harmon from allowing the grade of "B" to stand, regardless of methods.

7. This action is brought against the Grade pursuant to this Court's *in rem* and constitutional equity jurisdiction, and through the First Amendment to the U.S. Constitution and the Due Process Clause of the U.S. Constitution, and via 28 U.S. Code § 1331. Action is brought via 28 U.S. Code § 2201 for declaratory judgment that the correct grade is "A".

8. This action is brought against Defendant Josip Derado pursuant to <u>Ex Parte Young, 209 U.S. 123 (1908)</u>, this Court's constitutional equity jurisdiction, the First Amendment to the U.S. Constitution, and the Fourteenth Amendment of the U.S. Constitution. Josip Derado illegally compels Ryan Nicholl to complete a survey in violation of the First Amendment that will compel Ryan Nicholl to disclose his political beliefs about Kennesaw State University.

9. Because Ryan Nicholl has already been assigned two mandatory surveys, it is likely that Ryan Nicholl will be assigned additional mandatory surveys in the future, thus even if Ryan Nicholl is forced to complete the future mandatory survey assigned by Josip Derado, the issue will not be mooted

because the issue will fall under the "capable of repetition yet evading review" exception.

10. The Grade violates the Constitutional prohibition on involuntary servitude. The Assignment was created with the intent of using the Assignment as a coerced survey rather than evaluating the academic credentials of the Student. "The words "involuntary servitude" have a larger meaning than slavery, and the Thirteenth Amendment prohibited all control by coercion of the personal service of one man for the benefit of another." (*Bailey v. Alabama*, 219 U.S. 219 (1911))

11. This claim shall incorporate by reference all previous claims as a whole.

## IV. REQUESTED RELIEF

Ryan Nicholl hereby requests:

1. That this honorable court pursuant to 28 U.S. Code § 2201 enter Declaratory Judgment against the Grade that Ryan Nicholl's grade for the Course is legally "A" and not "B".

2. That this honorable court pursuant to 28 U.S. Code § 2201 enter Declaratory Judgment against W. Ken Harmon that Ryan Nicholl's grade for the Course is legally "A" and not "B".

3. That this honorable court order and direct W. Ken Harmon to correct the Grade to "A".

4. That this honorable court enjoin Josip Derado from entering a grade of "I" for a student such as Ryan Nicholl refusing to complete the "mandatory survey".

5. That this honorable court enter a declaratory judgment declaring that mandatory surveys are unconstitutional.

6. That this honorable court award costs to the Plaintiff.

Respectfully submitted,

*/s/Ryan P. Nicholl*             2018-6-6
RYAN P. NICHOLL         Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Nicholl, *Plaintiff*, v.s. W. Ken Harmon (official capacity) *Defendant*, The Grade (*in rem*) *Defendant*. | Civil Action No. 1:17-cv-4518-AT |

### PLAINTIFF'S CERTIFICATION OF SERVICE

I certify and declare pursuant to 28 U.S.C. § 1746 that on 2018-6-6 I have served counsel for W. Ken Harmon, et al. with **PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT** and attachment thereto, and this document, by emailing a copy of such document to <nicholls.lawsuit@gmail.com> pursuant to Defendant's consent to receive electronic service.

1

Respectfully submitted,

_____  2018-6-6
RYAN PATRICK NICHOLL     Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
exaeta@protonmail.com
*Plaintiff*

2