IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RYAN NICHOLL, | : |
| | : |
| Plaintiff, | : |
| | : CA No. 1:17cv4518-AT |
| v. | : |
| | : |
| W. KEN HARMON, in his official capacity only,[1] | : |
| | : |
| Defendant, | : |
| | : |
| THE GRADE (in rem) | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. 29)**

Comes Now Defendant W. Ken Harmon, in his official capacity as Interim President of Kennesaw State University, through counsel, and hereby responds to Plaintiff's " Second Motion for Leave to Amend Complaint":

---

[1] Plaintiff's lawsuit originally named Samuel S. Olens, in his official capacity as President of Kennesaw State University. Effective February 15, 2018, W. Ken Harmon was named Interim President of Kennesaw State University. Pursuant to Federal Rule 25(d), Interim President Harmon was automatically substituted for Samuel S. Olens as the party defendant. As discussed below, Plaintiff is now seeking permission to amend his Complaint to add a new party defendant, his KSU statistics professor, Josip Derado.

1

**FACTUAL AND PROCEDURAL HISTORY**

Pro se Plaintiff Ryan Nicholl ("Plaintiff"), a student at Kennesaw State University ("KSU"), sued the President of KSU, in his official capacity, based on allegations that his rights under the First, Thirteenth, and Fourteenth Amendments of the United States Constitution were violated by a homework assignment in Plaintiff's Technical Writing class. (Doc. 1 at 1-2). Plaintiff's lawsuit alleged that his final grade in the course was a B, instead of an A, because he chose not to complete the allegedly unconstitutional assignment (Doc. 1 at 3, ¶ 7) and sought a declaratory judgment that his grade in the course should be an "A," rather than a "B," as well as an injunction ordering the President to change the grade on his transcript to an "A." (Doc. 1 at 13, ¶¶ 1-2).

Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6). (Doc. 11 and 11-1). The Defendant's Motion argued that the lawsuit should be dismissed for lack of jurisdiction on grounds that it was barred by the Eleventh Amendment. (Doc. 11-1 at 2-5). The Motion argued, in the alternative, that the lawsuit should be dismissed for failure to state a claim. (Doc. 11-1 at 5-15). Plaintiff filed an Opposition to the Motion (Doc. 13-2), and the Defendant filed a Reply Brief in Support of his Motion. (Doc. 16).

On May 8, 2018, this Court issued a 28-page decision granting the Defendant's Motion to Dismiss in its entirety. (Doc. 21). This Court held that jurisdiction was lacking because the claim was barred by the Eleventh Amendment. (Doc. 21 at 1-8). This Court also addressed the Defendant's alternative grounds for dismissal (i.e., dismissal for failure to state a claim under Federal Rule 12(b)(6)) and held that even if Plaintiff's claims were construed properly as seeking prospective injunctive relief and therefore not barred by the Eleventh Amendment, each of Plaintiff's claims in the Complaint was nonetheless subject to dismissal for failure to state a claim. (Doc. 21 at 8-28).

Plaintiff then filed two post-judgment motions: 1) a motion pursuant to Federal Rule 60(b) requesting that this Court vacate that portion of the decision dismissing the claim for failure to state a claim (Doc. 24); and a motion pursuant to Federal Rule 15(a) seeking leave to amend his Complaint (Doc. 23). The Defendant filed a Response opposing both Motions. (Doc. 26). Plaintiff filed a Reply Brief in support of his Motion to Partially Vacate the Judgment (Doc. 27), and that Motion is thus fully briefed and pending before this Court.

However, with respect to Plaintiff's Motion to Amend his Complaint, after receiving the Defendant's Response (Doc. 26), Plaintiff withdrew his Motion to Amend (Doc. 28) and filed a second Motion for Leave to Amend his Complaint

and attached a proposed "Second Amended Complaint. (Doc. 29, 29-1). Plaintiff's Second Amended Complaint seeks to name a new party defendant, Josip Derado, Plaintiff's "Probability and Inference" professor, whom Plaintiff seeks to sue in an official capacity based on allegations that Professor Derado is requiring students to complete an end-of-course survey similar to the survey at issue in the Technical Writing class. Plaintiff alleges that Derado has "stated that students who do not complete this survey will receive a grade of "I" (Incomplete) if the survey is not complete." (Doc. 29-1, ¶ 18). Plaintiff alleges that he will be compelled to complete the unconstitutional survey in order to avoid a delay in his graduation date. (Doc. 29-1 at ¶ 20).   He seeks to amend his Prayer for Relief to include a request that Professor Derado be enjoined from entering a grade of "I" for a student who refuses to complete the mandatory survey. (Doc. 20, "Requested Relief" at ¶ 4).

## ARGUMENT

**I.    PLAINTIFF'S SECOND MOTION TO AMEND SHOULD BE DENIED BECAUSE JUDGMENT HAS BEEN ENTERED AND THE PROPOSED AMENDMENTS ARE FUTILE.**

As set forth in the Defendant's Response to Plaintiff's first Motion to Amend (Doc. 26), Plaintiff's Motion to Amend his Complaint pursuant to Rule 15(a) should be denied under the well-established rule that Rule 15(a) "governs

amendment of pleadings *before* judgment is entered [] [and] has no application *after* judgment is entered." *David Johnson Constr. Co v. Clearing Consulting*, 2018 U.S. App. LEXIS 1201 at *7 (11th Cir. 2018) (emphasis in original); *see also Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010). While a plaintiff could seek leave to amend his pleadings post-judgment if he or she were to obtain relief pursuant to Rule 60(b) (*see Jacobs*, 626 F.3d at 1344-1345), Plaintiff is not entitled to relief under Rule 60(b) for the reasons set forth in Defendant's Response to Plaintiff's Motion to Partially Vacate Judgment. (Doc. 26 at 1-9). Therefore, Plaintiff may not amend his Complaint at this stage of the proceedings.

Moreover, even pre-judgment, amendment under Rule 15(a) is disallowed when the amendment would be futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Plaintiff's proposed amendment would be futile for the reasons set forth in the Defendant's Response to Plaintiff's first Motion for Leave to Amend Complaint, and those arguments are incorporated by reference herein. (Doc. 26 at 10-12).

Apparently, in response to the statement in Defendant's Response that the allegations in the first Amended Complaint concerning alleged future harm resulting from future end-of-course surveys were speculative and did not give rise to justiciable claims (Doc. 20 at 12, n.3), Plaintiff's proposed Second Amended Complaint alleges that he is currently taking a course where an end-of-course survey is required and that a failure to do the assignment will result in his receiving a grade of incomplete. (Doc. 29-1 at ¶ 18). Even assuming that these new allegations concerning harm from the upcoming assignment in his statistics class were deemed to be sufficiently concrete and immediate to give rise to a justiciable claim (which they likely are not) and assuming further that these allegations were construed as ongoing violations so as to fall within the *Ex Parte Young* exception to the Eleventh Amendment, the new claims are not viable for the reasons set forth in the Court's decision addressing the Defendant's motion to dismiss under Federal Rule 12(b)(6).

This Court correctly held that Plaintiff's claim alleging a violation of his First Amendment rights based on the assignment in the Technical Writing class failed because the course survey "was designed with the intent to and the effect of soliciting feedback to improve student learning and to improve the particular course for which the student had completed . . ." (Doc. 21 at 14). The assignment

fell "squarely within the area where educators are entitled to exercise 'greater control over expression than they may enjoy in other spheres of activity'" because it involves matters of curriculum and relates to reasonable pedagogical goals. (Doc. 21 at 17), quoting *Virgil v. Sch. Bd. of Columbia Cty., Fla.,* 862 F.2d 1517, 1520 (11th Cir. 1989). Therefore, Plaintiff has no First Amendment right to refuse to do end-of-course surveys in *any* of his courses, and a claim based on the assignment in his Probability and Inference course fails for the same reason the claim based on the assignment in his Technical Writing course failed.

This Court also correctly ruled that Plaintiff's claim based on the assignment in his Technical Writing class failed to state a claim for violations of the Thirteenth and Fourteenth Amendments (Doc. 21 at 18-27), and, again, this Court's analysis of these alleged constitutional violations applies with equal force to the assignment in Plaintiff's statistics class. With regard to Plaintiff's claims under the Thirteenth Amendment, this Court correctly explained that "[b]eing required to complete a routine course evaluation falls far short of 'involuntary servitude' within the meaning of the Thirteenth Amendment [because] [i]t cannot be said that Plaintiff had no choice but to complete [the assignment] 'or be subject to legal sanction.'" (Doc. 21 at 27, quoting *U.S. v. Kozminski*, 487 U.S. 931, 943 (1988).

Plaintiff's due process claims under the Fourteenth Amendment failed because "[n]either the Supreme Court, the Eleventh Circuit Court of Appeals, nor the Georgia Supreme Court have held that university academic grading decisions implicate property or liberty interests, entitling a student to constitutional due process protections." (Doc. 21 at 20).  To the extent that courts have addressed the issue, they have held that absent a denial of access to public education, "no property or liberty interest is implicated by a university's exercise of its academic discretion." (Doc. 21 at 22, citing authorities).  Thus, Plaintiff's new claims alleging violations of the Thirteenth and Fourteenth Amendments with regard to the upcoming assignment in the statistics class would necessarily fail for the reasons set forth in this Court's Order addressing the assignment in the Technical Writing class.  Because Plaintiff's new allegations regarding the assignment in his current Probability and Inference course would be subject to immediate dismissal pursuant to a motion to dismiss under Federal Rule 12(b)(6), any amendment of his pleading to add these claims should be disallowed on grounds of futility. *Cockrell*, 510 F.3d at 1310.

Plaintiff's logic seems to be that, if he can persuade this Court to vacate the merits portion of the judgment based on the Court's holding that jurisdiction was lacking under the Eleventh Amendment, then he can amend his Complaint and

essentially start over with a new lawsuit addressing both the past Technical Writing assignment and his future Probability and Inference assignment. Plaintiff's attempt to vacate the merits portion of this Court's decision should fail for the reasons set forth in Defendant's Response to Plaintiff's Motion to Partially Vacate the Judgment. (Doc. 26 at 1-9). Even if this Court had exercised its discretion not to have addressed the Federal Rule 12(b)(6) Motion and had instead dismissed Plaintiff's lawsuit solely under Federal Rule 12(b)(1) based on Eleventh Amendment immunity, Plaintiff's lawsuit would nonetheless *still* have been subject to dismissal on the alternative ground that the claims were not legally viable. Thus, *any* re-pleading designed to circumvent the 11th Amendment bar would not change the ultimate outcome here, which is that Plaintiff's lawsuit necessarily would be dismissed on the merits. "A district court need not allow any amendment where amendment would be futile." *Lee v. Alachua Cnty.*, 461 F. App'x 859, 860 (11th Cir. 2012). This Court correctly noted that it "perceives no re-pleading that could establish a viable claim." (Doc. 28 at 28, n.4).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Second Motion for Leave to Amend Complaint be denied.

        Respectfully submitted,

        CHRISTOPHER M. CARR
        Attorney General        112505

        ANNETTE M. COWART    191199
        Deputy Attorney General

        RUSSELL D. WILLARD    760280
        Senior Assistant Attorney General

        /s/Elizabeth A. Monyak
        ELIZABETH A. MONYAK    005745
        Senior Assistant Attorney General

        Georgia Department of Law
        40 Capitol Square SW
        Atlanta, GA  30334
        404-463-3630

        Attorneys for Defendant

Please address all
Communication to:
ELIZABETH A. MONYAK
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
emonyak@law.ga.gov
404-463-3630
404-657-9932

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendant's Response to Plaintiff's Second Motion for Leave to Amend Complaint (Doc. 29) was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

/s/Elizabeth A. Monyak
ELIZABETH A. MONYAK     005745
Senior Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2018, I electronically filed this Response to Plaintiff's Second Motion to Amend Complaint (Doc. 29) using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:  NONE

I hereby certify that pursuant to written agreement between the parties to serve pleadings by electronic means, I have emailed an electronic copy in PDF format to the following non-CM/ECF participant:

    Ryan Nicholl
    exaeta@protonmail.com

Done this 18th day of June 2018.

                                          /s/Elizabeth A. Monyak
                                          ELIZABETH A. MONYAK    005745
                                          Senior Assistant Attorney General