IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RYAN NICHOLL, PRO SE,           :
                                :
     Plaintiff,               :
                                :
     v.                      :
                                :
SAMUEL S. OLENS, and       :       CIVIL ACTION NO.
THE GRADE,              :       1:17-CV-4518-AT
                                :
     Defendants.            :

## ORDER

In this lawsuit, Plaintiff Ryan Nicholl, a student at Kennesaw State University, claims that a final course grade unconstitutionally penalized him for failing to answer "political questions" in a class assignment.  (Compl. at 1.) Plaintiff sued the President of Kennesaw State University under the First, Thirteenth, and Fourteenth Amendments of the United States Constitution.

Defendant moved to dismiss, asserting an Eleventh Amendment immunity defense under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  On May 5, 2018, the Court granted Defendant's Motion. (Doc. 21.)  The Court found that the exception to Eleventh Amendment immunity under the doctrine of *Ex Parte Young*[1] did not apply because Plaintiff is essentially challenging "the legality of past conduct": the assignment of the grade

---

[1] The *Ex Parte Young* doctrine allows suits against state officials "seeking *prospective* equitable relief to end *continuing* violations of federal law."  *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (emphasis in original) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

of "B" in his writing course. (Order, Doc. 21 at 7-8.)  The Court further ruled that "[e]ven if Plaintiff's claims were construed as properly seeking prospective injunctive relief and therefore not barred by the Eleventh Amendment, Plaintiff's Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim," specifically noting "[t]he Court perceives no re-pleading here that could establish a viable legal claim."  (*Id.* at 8-9, 28 n. 4.)

Rather than appeal this Court's decision to the Eleventh Circuit Court of Appeals[2], Plaintiff has filed a Motion to Partially Vacate Judgment [Doc. 24], a Motion for Leave to Amend Complaint [Doc. 23][3], and a Second Motion for Leave to Amend Complaint [Doc. 29].

## I.   DISCUSSION

Plaintiff asserts that by granting Defendant's Motion to Dismiss on Eleventh Amendment immunity grounds, the Court lacked jurisdiction to also dismiss Plaintiff's claims for failure to state claim under Fed. R. Civ. P. 12(b)(6). He therefore requests that the Court vacate the portion of the judgment granting Defendant's motion "with regard to all questions except the Court's determination that it lacked subject-matter jurisdiction."  (Doc. 24 at 1.)  While at the same time arguing that this Court lacks jurisdiction over this matter (until he presumably prevails on appeal), Plaintiff also requests leave to amend his

---

[2] Plaintiff wrongly asserts that the Court's decision under Rule 12(b)(6) "is not appealable because it was entered without subject-matter jurisdiction."  (Doc. 29 at 2.)
[3] On June 6, 2018, Plaintiff filed a Withdrawal of Plaintiff's Motion for Leave to Amend Complaint, so that he could replace it with a "new motion . . . that provides additional facts." (Doc. 28.)

complaint to "plead sufficient factual details to show that the alleged violation is 'ongoing' and therefore confer subject matter jurisdiction." (Doc. 29 at 2.) Plaintiff has attached a proposed Second Amended Complaint to his motion. (*See* Doc. 29-1.) And, although he provides no basis for doing so, Plaintiff has asserted an additional claim against a new Defendant – his "Probability and Inference" professor – seeking to challenge the constitutionality of a similar course evaluation to the one at issue in his original Complaint.

### A. Motion to Partially Vacate

Plaintiff asserts that dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are mutually exclusive. According to Plaintiff, when the Court dismissed his claims under Rule 12(b)(1) (as barred by the Eleventh Amendment), the Court was not allowed to proceed any further because it lacks jurisdiction. Plaintiff is mistaken.

While it is true that "federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment . . . the Eleventh Amendment does not automatically deprive a court of original jurisdiction [and] unlike other jurisdictional bars, federal courts are required to consider whether the Eleventh Amendment strips them of jurisdiction only if the state defendant insists that it does." *McClendon v. Georgia Dep't of Cmty Health*, 261 F.3d 1252, 1256-57 (2001). In *McClendon*, the Eleventh Circuit held that a court is allowed to reach the merits, notwithstanding the applicability of the Eleventh Amendment, in cases where the Defendants conditionally assert the Eleventh Amendment

immunity defense, thereby expressing a willingness to allow the Court to rule on the merits of the claim. *Id.* at 1257-58. Specifically, where the defendants put forth two alternative bases for dismissal – either because the Eleventh Amendment deprives the court of jurisdiction, or because the plaintiff's complaint fails to state a claim upon which relief can be granted, the *McClendon* Court reasoned:

> We interpret the defendants' position as a conditional assertion of Eleventh Amendment sovereign immunity—they insist upon that defense only if it is necessary to prevent judgment against them on the merits. In other words, the defendants are willing to withhold the assertion of the Eleventh Amendment provided that our disposition of the merits issue is favorable to them. Only if we are going to decide the merits issue against them do they insist upon a ruling on the Eleventh Amendment issue. Because the Eleventh Amendment "grants the State a legal power to assert a sovereign immunity defense should it choose to do so," . . . the defendants are free to conditionally assert that defense in order to allow a federal court to decide in their favor on the merits.

*Id.* at 1258 (citations omitted). So, the "conditional assertion of the Eleventh Amendment gives a federal court the discretion to dispose of the merits favorably to the state or its officials if it chooses to do so." *Id.* at 1259.[4] *McClendon* thus gives the Court the discretion to decide the motion to dismiss on either basis. Here, the Court exercised that discretion to cover all the bases and deal with

---

[4] The Eleventh Circuit's decision in *McClendon* does not run counter to the Supreme Court's holding in *Ruhrgas AG v. Marathon Oil Co.*, as Plaintiff suggests in his Reply. This is because *Ruhrgas AG v. Marathon Oil Co.*, does not address the same issue – the "rather peculiar kind of 'jurisdictional issue'" raised by a jurisdictional bar embodied in the Eleventh Amendment – posed by the Eleventh Circuit in *McClendon*. *Compare Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), *with McClendon*, 261 F.3d at 1257.

Defendant's jurisdictional and merits challenges.  Plaintiff is free to challenge either grounds for dismissal, or both, on appeal.

Accordingly, the Court **DENIES** Plaintiff's Motion to Partially Vacate Judgment [Doc. 24].

### B. Plaintiff's Motion for Leave to Amend Complaint

Plaintiff seeks to amend his complaint, post-judgment, under Fed. R. Civ. P. 15(a), asserting that leave to amend "shall be freely given when justice so requires" and Plaintiff should be afforded an opportunity to test his claims on the merits.  Rule 15(a), however, "governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (rejecting plaintiff's argument that district court abused its discretion in denying plaintiff leave to amend his complaint post-judgment); *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir.2006) (holding that Rule 15(a) "has no application once the district court has dismissed the complaint and entered final judgment for the defendant"); *David Johnson Constr. Co v. Clearing Consulting*, 722 F. App'x 934 (11th Cir. 2018) (same).  Because judgment has been entered on Defendant's Motion to Dismiss, Plaintiff cannot now seek to amend and cure the defects in his Complaint or assert new claims.

Accordingly, the Court **DENIES** Plaintiff's Second Motion for Leave to Amend Complaint [Doc. 29].

## II.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Partially Vacate Judgment [Doc. 24] and Second Motion for Leave to Amend Complaint [Doc. 29].

**IT IS SO ORDERED** this 30th day of July, 2018.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE